**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| WAYNE THOMAS,<br>an individual,<br><br>    Plaintiff,<br>v.<br><br>G5 PEARLAND PROPERTIES, LLC,<br>a Texas Limited Liability Company,<br><br>and<br><br>REBOUND RETAIL, LLC,<br>a Texas Limited Liability Company,<br><br>    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: 20-2342 |

## COMPLAINT

Plaintiff, WAYNE THOMAS, through his undersigned counsel, hereby files this Complaint and sues G5 PEARLAND PROPERTIES, LLC, a Texas Limited Liability Company and REBOUND RETAIL, LLC, a Texas Limited Liability Company for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the

Defendant's Property, which is the subject of this action, is located in Harris County, Texas.

3.      Plaintiff, WAYNE THOMAS (hereinafter referred to as "MR. THOMAS" or "Plaintiff"), is a resident of the State of Texas in Harris County.

4.      MR. THOMAS is a qualified individual with a disability under the ADA.  MR. THOMAS is paralyzed from the waist down.  MR. THOMAS is a paraplegic and uses a wheelchair as his primary means of mobility.

5.      Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6.      Defendant, G5 PEARLAND PROPERTIES, LLC, a Texas Limited Liability Company, (hereinafter referred to as "G5" or "Defendant"), is registered to do business in the State of Texas.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Sunrise Lake Village II, generally located at 9515 Broadway St, Pearland, Texas 77584.

7.      Defendant, REBOUND RETAIL, LLC, a Texas Limited Liability Company, (hereinafter referred to as "REBOUND" or "Defendant"), is registered to do business in the State of Texas.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Sunrise Lake Village II, generally located at 9415 Broadway St, Pearland, Texas 77584.

8.      All events giving rise to this lawsuit occurred in the Southern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

9.      Plaintiff realleges and incorporates into this cause of action each and every

allegation contained in the previous paragraphs of this Complaint.

10.     The Property, a shopping plaza, is open to the public and provides goods and services to the public.

11.     Plaintiff visited the Property and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

12.     During his visit, MR. THOMAS experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

13.     MR. THOMAS continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

14.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

A.     Plaintiff encountered inaccessible parking designated for disabled use due to improper placement of ramps in access aisles;

B.     Plaintiff encountered inaccessible tenant entrance due to lack of level landing;

C.     Plaintiff encountered inaccessible parking designated for disabled use due to due to excessive long slopes; and

D. Plaintiff encountered inaccessible routes throughout the Property due to excessive slopes.

15. Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendants.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by

Defendants is in violation of the ADA;

B.      That the Court enter an Order directing Defendants to alter its facilities to

make them accessible to and useable by individuals with disabilities to the

full extent required by Title III of the ADA;

C.      That the Court enter an Order directing Defendants to evaluate and

neutralize its policies and procedures towards persons with disabilities for

such reasonable time so as to allow Defendants to undertake and complete

corrective procedures;

D.      That the Court award reasonable attorneys' fees, costs (including expert

fees), and other expenses of suit, to the Plaintiff; and

E.      That the Court award such other and further relief as it deems necessary, just

and proper.

By:   _/s/ Louis I. Mussman_____
            Louis I. Mussman
            Attorney-in-charge
            Florida Bar No. 597155
            S.D. TX No. 2274288
            Ku & Mussman, P.A.
            18501 Pines Boulevard, Suite 209-A
            Pembroke Pines, FL 33029
            Tel: (305) 891-1322
            Fax: (954) 686-3976
            Louis@KuMussman.com

            and

            John K. Grubb
            Local Counsel
            State Bar No. 08553500
            John K. Grubb & Associates
            4550 Post Oak Place, Suite 201

Houston, TX 77027
Tel: (713) 877-8800
Fax: (713) 877-1229
johnkgrubb@grubblegal.com

*Attorneys for Plaintiff*